## Scott *et al. versus* Strawn, for use, &c.

1. A collector of bounty tax, appointed by the board of school directors, offered to settle his accounts with them. They refused to allow him to do so and referred him to the township auditors, by whom his accounts were settled in the presence of three of the board and a settlement duly made and recorded, after which the auditors destroyed his vouchers. No action was taken by the board for five years. In a suit on the collector's bond: *Held*, that the auditors were not the proper tribunal and that the 14th section of the Act of March 25th 1864 (Pamph. L. 90), and the 1st section of the Act of April 11th 1866, (Pamph. L. 778), gave them no power to audit the accounts.

2. *Held, further*, however, that the board was estopped by its conduct and long acquiescence from objecting to the record of the settlement as at least *prima facie* evidence of the facts it contained, and that it should have been received.

November 14th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Common Pleas of *Greene county:* Of October and November Term 1877, No. 76.

This was an action of debt brought in the court below by Stephen Strawn, for the use of the school district of Centre township, against Jesse Scott, principal, and James Call and Jackson Chedister, surviving sureties upon a bond given by Scott for the faithful discharge of his duties as collector of bounty taxes.

The facts in the case were as follows:—

In the spring of 1866, the school directors of Centre township appointed Jesse Scott collector of bounty taxes, and placed the duplicate therefor in his hands. There seems to have been difficulty in the collection of these taxes, for it was not until late in November 1868, that Scott was prepared to settle his accounts. At that time he appeared before the board of school directors and informed them of his readiness to make settlement with them, but they declined to allow him to do so, and requested him to settle with the township auditors, as the proper tribunal to pass upon his accounts. He accordingly appeared before the auditors on November 28th 1868, produced vouchers, and settled his accounts in the presence of three of the school directors; was found by the auditors to have in his hands a balance of $54.72, and a settlement showing that balance was made and recorded. The auditors, thereupon, caused all the vouchers presented by the collector to be destroyed. No further action was taken until January 10th 1874, when this suit was brought.

At the trial, before Willson, P. J., the defendants made the following two offers of evidence, the rejection of which by the court under exception for defendants was the subject of the third and fourth assignments of error.

" 1. That before the 28th of November 1868, he called on the board of school directors, ready and prepared to settle with them as collector of bounty taxes; that said board declined to settle with him,

and directed him to settle with the township auditors; that in pursuance of this direction, he appeared before the township auditors on the 28th of November 1868, and settled with them; that the said auditors had convened on that day for the purpose of settling with him at the request of the school directors; that three of the school directors were present and participated in the settlement; and that in said settlement, two of his vouchers were rejected by said auditors and a balance was found against him of $54.72, to be followed by the production of the township books, showing said settlement and balance.   This evidence is offered for the purpose of showing that the plaintiff cannot recover more than the balance so found and its interest; to be followed by the record of said settlement contained in the proper books, showing that the collector was allowed in said settlement credits to the amount of $1536.25; and to be further followed by proof by this witness, that the collector produced legal vouchers to that amount, and that at the close of the settlement, all of said vouchers were left by him with said auditors, and were by them destroyed, in accordance with their usage in such cases.   This evidence is offered for the purpose of showing the aggregate amount of the vouchers so destroyed and supplying their loss."

2. The same as above, so far as the words "to be followed by the record," adding: "to be followed by evidence that the result of said settlement was communicated soon after, by the secretary of the board of school directors, to James Call, one of the sureties; that, at that time, Jesse Scott, the collector, was solvent, and in a condition to furnish indemnity; and that nothing was done by the school directors till the bringing of this suit, about five years afterward, at which time Scott had become insolvent.   This is offered to show that the plaintiff is estopped from claiming, in this suit, anything more than the balance so found."

Verdict for plaintiff, for $499.55, and judgment thereon, to which defendants took this writ of error, assigning for error, inter alia, the rejection by the court of the two offers of evidence as above set forth.

*Wyly, Buchanan & Walton,* for plaintiffs in error.—The evidence should have been received. . The school directors were estopped by a settlement which they themselves procured, and in which they acquiesced for so long a time.

*Donley, Inghram & Sayers,* for defendant in error, cited Cunningham *v.* Mitchell, 17 P. F. Smith 81; Chalker *v.* Ives, 5 Id. 81.

Mr. Justice SHARSWOOD delivered the opinion of the court, January 7th 1878.

[Scott *v.* Strawn.]

We think the learned judge below was clearly right in holding that the township auditors were not the legal tribunal to settle the account of the plaintiff in error as collector of bounty taxes under the warrant from the school directors of Centre township.  We have been referred to the fourteenth section of the Act of March 25th 1864, Pamph. L. 90, which enacts "that all accounts of the receipts and expenditures of the bounty fund, arising from any taxes that have been assessed or that may be assessed for the purpose as aforesaid (the payment of bounties to volunteers) shall be audited in like manner as other county, township, city, borough, or school district accounts are audited."  This very evidently refers to the bodies assessing and levying the taxes, from whom only could an account of expenditures as well as receipts be required.  If the plaintiff in error did in fact disburse as well as collect the taxes, he did so with the acquiescence of the school directors as their agents.  They would be responsible for his disbursements and must account to the auditors, not he.  We have also been referred to the first section of the Act of April 11th 1866, Pamph. L. 778, which provides "that it shall be the duty of the commissioners, supervisors, borough and city councils, school directors, board of election officers, and all other persons and officials, who under the directions and authority of an Act of the General Assembly, approved March 25th 1864, and the several supplements thereto, proceeded to raise money by taxation or otherwise as the agents, officials or representatives of any county, township, ward, city or borough, for the payment of bounties to volunteers to have their accounts regularly and legally audited at the time of auditing other accounts, by the proper board of auditors of the county, township, ward, city or borough, for which such moneys were so raised and expended."  It is plain also that this act comprehends only the accounts of the authorities who had raised by assessing and levying taxes or otherwise, and expended money in payment of bounties to volunteers.  This section extended to money raised for the purpose otherwise than by taxation, to which the provision of the Act of 1864 did not apply.  The learned judge was right therefore in rejecting the settlement before the auditors by the plaintiff when offered as conclusive evidence of a settlement.  Nor was there any evidence of an arbitrament and award which would make it final and conclusive.  The first and second assignments are therefore not sustained.

But we think that, for the purpose stated in the third and fourth assignments, the offers of evidence by the plaintiff in error should have been received.  These offers in effect were, that the plaintiff, before November 28th 1868, had called on the board of school directors, prepared to settle with them as collector of bounty taxes; that the said board declined to settle with him, and directed him to settle with the township auditors; that, in pursuance of this direc-

[Scott *v.* Strawn.]

tion, he appeared before the township auditors on the 28th of November 1868; that the auditors had convened on that day for the purpose of settling with him, at the request of the school directors; that his vouchers were produced, left with the auditors and destroyed by them; and that the account was settled, showing a balance against him of $54.72; and the record of such settlement was offered in evidence in connection with these facts; and that nothing was done by the school directors until the bringing of this suit, about five years afterward.

Under the circumstances, the school directors were estopped by their acts and long acquiescence from requiring the collector to give either primary or secondary evidence of his vouchers. He had been deceived and misled by their acts, and the record of the settlement was prima facie evidence against them of their legal character and amount. It would be inequitable, under the circumstances, especially after so long an acquiescence, to require the collector or his sureties to prove them. It was almost mockery to say that he might give secondary evidence of their contents. The settlement with the auditors had been made at the suggestion of the school directors—they knew of it, and folded their hands for five years. Clearly these facts shifted the burden. The record of the settlement ought to have been received, not as conclusive, but prima facie, open to be attacked and shown to be erroneous by the school district. It was strictly analogous to an account stated between merchants, where an account rendered and not objected to within a reasonable time is considered as an account settled: Bevan *v.* Cullen, 7 Barr 281.

The remaining assignments of error are not sustained.

Judgment reversed, and *venire facias de novo* awarded.